IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL SCOTT TUNSTALL,

    Petitioner,                                            No. CIV S-05-2051 GEB GGH P

    vs.

TOM L. CAREY, et al.,

    Respondents.                                 <u>ORDER TO SHOW CAUSE</u>

_____/

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner challenges a prison disciplinary finding of guilt in May, 2003 for being in possession of unauthorized material, or contraband, in violation of Cal. Code. Regs., tit. 15, § 3006. Petition, pp. 1-2. Although petitioner was found guilty of a rules violation, the Rules Violation was reduced and reclassified as administrative, and petitioner was not assessed any loss of good time credit. <u>See</u> petition, pp. 7-8.

          He contends that his right to due process and a fair hearing were violated because he was not allowed to call a staff witness at his hearing and because the guilty finding was unsupported by reliable evidence. He states that he was confined to Administrative Segregation as a result of the related allegations and investigation and that he was assessed a 30-day loss of

1

privileges. He seeks expungement of the guilty finding from his record because he believes the finding will adversely affect consideration for his release on parole.

After reviewing the record, the court is concerned that it does not have jurisdiction to consider petitioner's habeas petition. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004) (court is obligated to consider sua sponte whether it has subject matter jurisdiction).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491, 109 S. Ct. At 1925. This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).

The United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, [the Supreme Court's] decision in Carafas v. LaVallee . . . strongly implied the contrary." Maleng, 490 U.S. at 491, 109 S. Ct. at 1925. In other words, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492, 109 S. Ct. At 1926.

Petitioner was not in custody when he filed the instant petition on October 12, 2005 because he was never assessed time credits for his reduced disciplinary conviction. Petitioner's past placement in Administrative Segregation in relation to the allegations and the assessed loss of privileges in 2003 does not constitute "custody" for purposes of establishing

habeas jurisdiction.  Accordingly, within twenty days of the date of this order, petitioner shall show cause why this action should not be dismissed because the court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order, petitioner shall show cause why this action should not be dismissed for lack of jurisdiction.

DATED: 11/01/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tuns2051.osc+