IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL SCOTT TUNSTALL,

        Petitioner,               No. CIV S-05-2051 GEB GGH P

    vs.

TOM L. CAREY, et al.,

        Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a May 2003 prison disciplinary finding of guilt for being in possession of unauthorized material, or contraband, in violation of Cal. Code. Regs., tit. 15, § 3006.  Petition, pp. 1-2.  Although petitioner was found guilty of a rules violation, the Rules Violation was reduced and reclassified as administrative and petitioner was assessed no loss of good time credit.  Id., pp. 7-8.  By Order, filed on November 2, 2005, petitioner was directed to show cause why this action should not be dismissed for lack of jurisdiction.  Petitioner timely filed a well written response.

        As noted in the show cause order, petitioner's contention is that his right to due process and a fair hearing were violated because he was not allowed to call a staff witness at his hearing and because the guilty finding was unsupported by reliable evidence.  He states that he

1

1  was confined to Administrative Segregation for a short time as a result of the related allegations

2  and investigation and that he was assessed a 30-day loss of privileges.  He seeks expungement of

3  the guilty finding from his record because he believes the finding will adversely affect

4  consideration for his release on parole.

5          Because it appeared intuitive that petitioner was not in custody at the time of

6  filing this petition, and in fact had never been assessed a loss of good time credits for the reduced

7  disciplinary conviction, the court directed petitioner to show cause why the matter should not be

8  dismissed.  See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004) (court is

9  obligated to consider sua sponte whether it has subject matter jurisdiction).

10         In his response, petitioner argued that the Board of Prison Terms denied his

11  suitability for parole and extended his prison term for three years due to the specific disciplinary

12  action at issue.  Response to Order to Show Cause (OSC)., pp. 1-2.  Petitioner also states that the

13  Board can withhold up to four months of postconviction credit due to the alleged misconduct and

14  events following.  Id, p. 2.

15         Petitioner, therefore, maintains that his habeas challenge is appropriate because

16  the duration of his confinement has been directly affected by the prison disciplinary and

17  expungement of it from his prison record will likely accelerate his eligibility for parole.  OSC

18  response, p. 2.  Specifically, petitioner states that at a subsequent parole consideration hearing on

19  October 26, 2004, after initially citing several reasons for a three-year denial before

20  reconsideration, the Board enunciated its "true reason," which was that petitioner had "earned" it

21  due to his "disciplinary behavior and the way [petitioner is] carrying [himself] in the prison at

22  this time."  Id, p. 3, citing Exh. V, 10/26/04 hearing, p. 5.[1]  He also alleges that the deprivation

23  of postconviction credits upon the calculation of his actual prison term amounts to a loss of good

24

25

26         [1]  The court notes that the Board makes repeated reference to "four disciplinaries," not
simply the one at issue, in the two years since petitioner's prior hearing.  Exh. V, pp. 2-3, 7-8.

1  time credits as his term will be identically increased, citing CAL. CODE REGS. tit.xv, § 2410(b).[2]

2  OSC response, pp. 5-6.  Petitioner, however, does not show that he has been denied

3  postconviction credit based on the prison disciplinary at issue but merely speculates that

4  expungement of the disciplinary will shorten petitioner's term of imprisonment.

5         "The federal habeas statute gives the United States district courts jurisdiction to

6  entertain petitions for habeas relief only from persons who are 'in custody in violation of the

7  Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490, 109

8  S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)).  The "in custody"

9  requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the

10  conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-

11  491, 109 S. Ct. At 1925.  This is because the writ of habeas corpus functions primarily to secure

12  immediate release from illegal physical custody.  Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.

13  Ct. 1827, 1833 (1973).  See Order, filed on 11/2/05, p. 2.

14         The United States Supreme Court has "never held . . . that a habeas petitioner may

15  be 'in custody' under a conviction when the sentence imposed for that conviction has fully

16  expired at the time his petition is filed.  Indeed, [the Supreme Court's] decision in Carafas v.

17  LaVallee . . . strongly implied the contrary."  Maleng, 490 U.S. at 491, 109 S. Ct. at 1925.  In

18  other words, "once the sentence imposed for a conviction has completely expired, the collateral

19  consequences of that conviction are not themselves sufficient to render an individual 'in custody'

20  for the purposes of a habeas attack upon it."  Maleng, 490 U.S. at 492, 109 S. Ct. at 1926.  See,

21  id.

22         Despite the Supreme Court's pronouncements that one must be in custody for the

23  "conviction" under attack, the Ninth Circuit has held that habeas corpus jurisdiction is

24  ─────────────

25  [2] "Amount of Credit.  Postconviction credit shall be granted to life prisoners in a manner which allows similar amounts of time to prisoners in similar circumstances.  The suggested amount of postconviction credit is zero to 4 months for each year served since the date the life term started excluding any time during which service of the life term is tolled."

26

1  appropriate for attacking disciplinary findings as long as an expungement of the disciplinary is

2  "likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.3d 1267, 1269

3  (9th Cir. 1989).  Of course, a sort of speculation must be employed to determine what

4  disciplinaries significantly detract from one's parole eligibility.  Nevertheless, the undersigned

5  finds that administrative violations for which no time credits are at issue, cannot stand as a basis

6  for the "in custody" requirement of habeas corpus.

7       In Wilson v. Terhune , 319 F.3d 477 (9th Cir. 2003), a prisoner sought to attack a

8  disciplinary conviction for which a loss of time credits had been assessed.  Although the issue in

9  Wilson was mootness, and not custody, the discussion bears equally on what might significantly

10  accelerate eligibility for parole.  Wilson, in refusing to find presumptive collateral consequences

11  from a disciplinary violation, cited the parole factor which provided that "serious misconduct in

12  prison or jail" was a factor weighing against parole eligibility.  The undersigned cannot find that

13  an administrative violation finding, without any assessment of time credits loss such as would be

14  assessed for a "serious" disciplinary, constitutes the type of "serious misconduct" in and of itself

15  which might significantly detract from one's parole chances.

16       Petitioner might well argue that the parole eligibility board expressly commented

17  upon his disciplinary history as a reason why parole eligibility was denied.  However, as

18  petitioner concedes, he had multiple disciplinary violations, and presumably ones for which time

19  credits loss were assessed.  The court will not find that expungement of the minor, administrative

20  "disciplinary" would have made all the difference in his parole eligibility chances.[3]

21       Finally, petitioner may argue that the conduct underlying the disciplinary was

22  serious, but that ultimately he could not be convicted of a serious disciplinary because of lack of

23  administrative compliance with process requirements.  In other words, the parole board may look

24

25       [3]   Petitioner's allegation that the BPT extended his prison term by three years is fallacious.
Petitioner's term includes a life sentence; the BPT simply scheduled its next parole suitability

26  hearing for three years from the denial.

4

1   through the characterization of the administrative, non-credits loss finding and apply the "real"

2   significance of the misconduct.  Petitioner would be incorrect in this argument.  Even if

3   petitioner prevailed in this habeas action, he would not be entitled to an order from this court

4   expunging for all time the disciplinary violation.  Rather, petitioner would be entitled only to a

5   order that the prison officials reassess, as they ultimately did, the misconduct in light of their own

6   procedures.  Just as when petitioners who successfully argue in federal habeas that a

7   constitutional violation occurred in their convictions are not entitled to go scot free at that

8   moment, but are subject to retrial, petitioner herein would be subject to the same type of

9   administrative re-trial procedure—with the next parole board being able to assess, or not, the

10  misconduct itself.  See Wilson, supra.

11          Petitioner has not shown sufficient cause for this court to find it has jurisdiction

12  over this matter; petitioner was not "in custody" at the time he commenced this action.  The court

13  must recommend dismissal of this action.

14          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

15  a writ of habeas corpus be dismissed for lack of jurisdiction.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18  days after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  Such a document should be captioned "Objections to Magistrate

20  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

21  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:3/15/06

                                                /s/ Gregory G. Hollows

24                                              _____

25                                              GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE

26  GGH:009
    tuns2051.fr